**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-60200-CR-MORENO**

**UNITED STATES OF AMERICA**

**v.**

**HECTOR ALVAREZ,**

**Defendant.**
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S REQUEST FOR DOWNARD DEPARTURE**

The United States, by and through the undersigned Assistant United States Attorneys, hereby files its response in opposition to the motion for downward departure filed by defendant Hector Alvarez.   In support of its response, the United States avers as follows:

Defendant Hector Alvarez should not be awarded a downward variance or departure from the applicable sentencing guideline calculation.   For the reasons set forth below, this Court should reject any request for a downward variance and impose a term of imprisonment within the applicable advisory guideline level.

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 330, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), courts review a defendant's sentence for reasonableness.   *See United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005).   After *Booker*, a district court, in determining a reasonable sentence, must correctly calculate the advisory guidelines range and then consider the factors set forth in 18 U.S.C. § 3553(a).   *United States v. Talley*, 431 F.3d 784,

1

786 (11th Cir. 2005); *Winingear*, 422 F.3d at 1246. The factors set forth in § 3553(a) serve as a guide in this review. *Id*. at 1246. Those factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the guideline range. *See* 18 U.S.C. § 3553(a).

Post *Booker* precedents emphasize that district courts must correctly calculate the advisory guideline range before granting a variance, *see United States v. Crawford*, 407 F.3d 1174, 1178 1179 (11th Cir. 2005), and that traditional guidelines departures are still an integral part of the sentencing process post *Booker*, *see United States v. Jordi*, 418 F.3d 1212, 1215 (11th Cir. 2005). Under this framework, defendant terms his request for a sentence less than the guideline sentence pursuant to § 3553(a) as a variance rather than a departure. *See United States v. Scott*, 426 F.3d 1324 (11th Cir. 2005) (distinguishing between departures from the guideline range and variances pursuant to the § 3553(a) factors). A variance is a sentence outside the applicable advisory guideline range that is imposed after such range, including any departures, has been correctly calculated. *See United States v. Irizarry*, 458 F.3d 1208, 1211 12 (11th Cir. 2006).

A district court may only depart or vary from the Sentencing Guidelines when there is an "aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). When making this determination, the court may "consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." *Id*.

In view of these sentencing principles, a sentence within the applicable sentencing guidelines range, taking into account defendant's offense conduct, her personal history and circumstances, just punishment, and adequate deterrence, is reasonable. As the *Booker* Court noted, "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Booker*, 125 S.Ct. at 767. A sentence within the Guidelines range would satisfy one of the explicit § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(4).

Defendant relies on several grounds for a downward departure or variance, namely (a) his lack of criminal history; (b) the nature of this offense, as nonviolent; (c) his continuous acceptance of responsibility which has been ongoing since at least one year prior to the charges; (d) his continued cooperation with the government; (e) the pertinent policy considerations for purely economic crimes; and (f) the need for substantial restitution. *Defendant's Sentencing Memorandum* at 14. In response, Alvarez's personal circumstances are not so extraordinary as to remove his case from the heartland warranting a downward departure.

In light of the extenuating nature of defendant's actions, a reduced sentence, as advocated by defense counsel, would absolve defendant of his egregious conduct and provide little deterrent to like-minded offenders. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment cries out for a sentence commensurate with that advised by the Sentencing Guidelines. These factors are unquestionably legitimate, and, serve as a reasonable basis upon which to not vary downward from the advisory guideline range.

By any standard, defendant's criminal conduct was serious. It caused serious financial loss: an actual loss of $3,884,035, with an intended loss of millions more. It was serious in

3

duration, spanning two years.  Alvarez abused his position of trust having used his license as a certified mental health professional to perpetrate the crimes to which he pleaded guilty.

Any sentence must promote respect for the law as well as accomplish the goals of specific and general deterrence.   These factors likewise counsel that substantial punishment is warranted on the facts of this case.   Sober homes fraud schemes have, unfortunately, taken root in this community as well as in other enclaves across the country, and a message must be sent to other would-be offenders that the criminal justice system strongly condemns transporting young, "dope sick" patients across state lines to South Florida, for the purposes of profiting off of exorbitantly expensive, medically unnecessary urine testing and false claims for therapy sessions that never occurred.   Through these schemes, laws that were put in place to address the heroin and opioid crisis – namely, the Affordable Care Act – which made substance abuse treatment affordable and available to virtually everyone – were, instead, turned into a treasure trove for unscrupulous sober home owners, treatment facility providers, and labs, including Alvarez and his co-defendants.

Indeed, the Eleventh Circuit has explicitly emphasized the significance of "general deterrence . . . in white-collar cases, where the motivation is greed."  *United States v. Hayes*, 762 F.3d 1300, 1308-09 (11th Cir. 2014); *see also, e.g.*, *United States v. Kuhlman*, 711 F.3d 1321, 1328–29 (11th Cir. 2013) (vacating, as substantively unreasonable, sentence of time served, which represented a 57-month downward variance, for defendant responsible for $3 million health care fraud scheme, noting that "[s]uch a sentence fails to achieve an important goal of sentencing in a white-collar crime prosecution:   the need for general deterrence," and that "[w]e are hard-pressed to see how a non-custodial sentence serves the goal of general deterrence."), *cert. denied*, 134 S. Ct. 140, 187 L. Ed. 2d 38 (2013).   Here, such a deterrent message is all the more warranted given

4

the breadth of Alvarez's criminal activity while operating as clinical director at Medi MD.

Nor is it notably mitigating that Alvarez lacks significant criminal history. Estimates suggest that more than seventy percent of fraud offenders, which includes the vast majority of white collar offenders, have little or no criminal history. *See* Selected Sentencing, Guideline Application, and Demographic Information for § 2B1.1 Offenders, Fiscal Year 2012, U.S. SENT'G COMM'N (Sept. 18, 2013). This suggests a particular need to deter those in the community who lead superficially law-abiding lives before getting caught.

In this case, defendant Alvarez's background suggests not only a need to accomplish general deterrence, but also a need for specific deterrence.

In sum, the record reveals nothing to indicate that the range of sentence prescribed under the Sentencing Guidelines is unreasonable in light of the § 3553(a) factors, and defendant's request for a below guidelines sentence should be rejected.

## CONCLUSION

WHEREFORE, based on the foregoing, the United States respectfully requests that the Court consider the position of the United States with respect to the request for a downward departure filed by defendant Hector Alvarez in the instant case.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY


By:     /s/ Christopher J. Clark
        CHRISTOPHER J. CLARK
        Assistant United States Attorney
        Florida Bar No. 0588040
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9167
        christopher.clark@usdoj.gov

        LISA H. MILLER
        Court ID No. A5502054
        Assistant United States Attorney
        United States Attorney's Office
        Southern District of Florida
        99 Northeast 4th Street
        Miami, FL. 33132-2111
        Tel: (305) 961-9312
        Lisa.Miller@usdoj.gov

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Christopher J. Clark
CHRISTOPHER J. CLARK
ASST. UNITED STATES ATTORNEY